JUDGE OETKEN      13 CV 4315

David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
Davids@lawdms.com – DS1694
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
DAVID WILLIAMS AND JENNIFER A.
WILLIAMS,

                      Plaintiffs,

GMAC MORTGAGE, INC., and U.S. BANK
NATIONAL ASSOCIATION, as Trustee for
RALI SERIES 2006-QS2 TRUST,

                      Defendants.
------------------------------------------------------------

Docket No.

**COMPLAINT**

**Jury Trial Requested**

Plaintiff, DAVID WILLIAMS and JENNIFER A. WILLIAMS (hereinafter "Plaintiff"), by their undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M. SCHLACHTER, LLC, for their Complaint alleges, upon personal knowledge as to herself and her own acts and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1.     This matter is an Action for Quiet Title, fraud, wrongful indebtedness, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies against Defendants, who have fraudulently asserted possessory interests in the debt obligations securing the Plaintiff's real property, induced the Plaintiff to rely on the fraudulent assertions, induced Plaintiff to pay their mortgage debt obligations to parties who have no cognizable claim to those debts, induced Plaintiff to sign a Loan terms against Plaintiff's

best interests, have subjected Plaintiff to fraudulent debt obligations while remaining liable for legitimate debt obligations securing their real property, and unjustly enriching the Defendants as a direct consequence of the Defendants' fraudulent assertions.

2. Plaintiff is an individual who resides at 884 Knolls Landing, Milford, Michigan.

3. Upon information and belief, Defendant GMAC Mortgage, Inc. ("GMAC") is a bank with its principal office at 1100 Virginia Drive, Fort Washington, Pennsylvania.

4. U.S. Bank, N.A. is a bank with its principal office at 80 South 8th Street, Suite 224, Minneapolis, Minnesota.

5. The crux of the cause of action derives from the actions taken by Defendant to prepare the Note to be traded as a mortgage-backed security on Wall Street, located in the Southern District of New York.

## JURISDICTION AND VENUE

6. Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1332, based on diversity jurisdiction as the Defendants are incorporated and their principal places of business are in different States from Plaintiffs' domicile and the amount in dispute exceeds $75,000. Venue is proper because subject property is in this Jurisdiction.

## CLAIMS

7. On or about November 17, 2005 Plaintiff was given a mortgage by Bergin Financial, Inc. in the amount of $230,915.39.

8. By assignment dated July 28, 2011, Mortgage it selected Mortgage Electronic Registration System, Inc ("MERS") assigned the mortgage to Defendant U.S. Bank, N.A. as trustee for the RALI 2006 QS2 Trust.

9. The assignment was executed by an alleged employee of MERS.

10. Further, it was notarized in Pennsylvania.

11. As Plaintiff and US Bank are both outside of Pennsylvania, this must have been done at the direction of Defendant GMAC.

12. The assignment was signed by Douglas Winston, an alleged Assistant Secretary.

13. Because of these facts it appears this assignment is fraudulent and unenforceable.

14. Further, there is a stamped indorsement on the Note.

15. However, that indorsement is written over with "Void" on it.

16. Then there is an alleged Allong attached to the Note.

17. The Allonge states "Pay without recourse to Residential Funding Corporation."

18. That indorsement is signed by John Hagebock, Assistant Vice President for Bergin Financial.

19. The signature appears to be a rubber stamp.

20. Underneath that there is an indorsement that states "Residential Funding Corporation as Attorney in Fact for; Bergin Financial, Inc. Pay to the Order of U.S. Bank, National Association as Trustee."

21. The first indorsement does list Residential Funding as a mere attorney in fact.

22. There are no documents supporting that Residential Funding was only an attorney in fact.

23. It appears Residential Funding owned the Note but then tried to assign it as a Bergin Financial.

24. Legally, that would mean Bergin Financial indorsed it after Residential Funding owned it.

25. Obviously, this would make that indorsement a legal nullity.

26. Further, there is no designation as to what trust U.S. Bank is trustee of.

27. Therefore, U.S. Bank is holding it, not for itself, but only as Trustee.

28. Without the trust identified the indorsement fails and is a legal nullity.

29. Further, under these circumstances it is alleged with integrity that Defendants will not be able to produce the original Note and Mortgage.

30. Defendant GMAC did send mortgage statements to Plaintiff.

31. Upon such reliance Plaintiff paid money to Defendant.

32. As Defendant U.S. Bank does not own the Note and Mortgage, it cannot authorize Defendant GMAC to collect on the mortgage.

33. Defendants have been unjustly enriched by their collecting on a mortgage that is not owned by Defendants.

34. The Note was assigned to a trust in order to create a mortgage-backed security to trade on the New York Stock Exchange.

## COUNT ONE – Wrongful Collection Practice

35. Plaintiff re-alleges all allegations made thus far.

36. The note in this matter never existed.

37. The note in this matter was never assigned to Defendant U.S. Bank.

38. Therefore, at best that Defendant owns a mortgage but no note.

39. As the mortgage follows the note, Defendant U.S. Bank has no rights to enforce collection on the Note or the Mortgage.

40. Defendant cannot sue Plaintiff for foreclosure or collect on the note or authorize Defendant GMAC to do so.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action, and for other such relief as this Court seems proper.

## COUNT TWO – Quite Title

41. Plaintiff re-alleges all allegations made thus far.
42. MERS has no authority to assign mortgages.
43. MERS "acting as nominee" has no legal affect.
44. The note was not assigned but only the mortgage.
45. The assignments are surrounded by the suspicion of fraud.
46. Title, thus, never transferred to Defendant.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Mortgage, and other such relief as the Court deems proper.

## COUNT THREE - FRAUD

47. Plaintiff re-alleges all allegations made thus far.
48. Defendant knew or should have known it does not possess true, legal title to the collection on the subject mortgage.
49. Defendant continued to send notices to collect from Plaintiff anyway.
50. When Plaintiff stopped paying the mortgage Defendant called Plaintiff several times a day.
51. Defendant sent letters to Plaintiff to try to induce Plaintiff to pay money to Defendant.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## COUNT FOUR – WRONGFUL CONVERSION

53. Plaintiff re-alleges all allegations made thus far.

54. Defendants did use the Court system in Michigan to foreclose and possess the subject property and sell it.

55. Defendants did so recklessly or knowingly that it did not possess the Note and Mortgage.

56. Defendants now has possession of the property.

Wherefore, Plaintiff seeks an Order of judgment for wrongful conversion, damages, punitive damages, against Defendants for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Quieting title against Defendants;

b) Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

c) Granting damages to Plaintiff for Defendants' fraud;

d) Granting damages to Plaintiffs for Defendants unjust enrichment;

e) Granting punitive damages for the conduct and fraud.

f) Granting attorney's fees to Plaintiff.

f) Granting attorney's fees to Plaintiff.

g) Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
June 6, 2013

By _____
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
JENNIFER A. WILLIAMS,

                                      **Docket No.**

                Plaintiffs,

GMAC MORTGAGE, INC., and U.S. BANK
NATIONAL ASSOCIATION, as Trustee for
RALI SERIES 2006-QS2 TRUST,

                Defendants.
-------------------------------------------------

## SUMMONS / COMPLAINT

This certifies under the Fed. R. Civ. P. that this pleading is not made frivolously under law and it is only made in good faith.

                                      David M. Schlachter, Esq.
                                      LAW OFFICES OF DAVID M.
                                      SCHLACHTER, LLC
                                      DS - 1694
                                      579 Main Avenue
                                      Passaic, New Jersey 07055
                                      (212) 257-2190 phone
                                      (973) 272-4167 fax
                                      davids@lawdms.com
                                      Attorneys for Plaintiffs